UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODNEY GUILLOTTE, SR.<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-00629 |
| VERSUS | JUDGE DRELL |
| CITY OF PINEVILLE, *ET AL.*<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

| | |
|---|---|
| RODNEY GUILLOTTE, JR.<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-00631 |
| VERSUS | JUDGE DRELL |
| CITY OF PINEVILLE, *ET AL.*<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for More Definite Statement filed in each of the consolidated lawsuits captioned above. (Docs. 7). Plaintiffs have not filed oppositions.

The motions are substantially identical. Both reference and adopt Exceptions of Vagueness filed by Defendants in state court before removal. And both seek amendments to clarify Plaintiffs' allegations in several respects.

The allegations in Plaintiffs' Petitions do not provide Defendants with enough information about the nature of their claims to adequately respond. Therefore, Defendants' motions are granted, and Plaintiffs are ordered to amend their Petitions as set forth more specifically below.

I. Background

In April 2017, Plaintiffs filed two separate lawsuits in the Ninth Judicial District Court in Rapides Parish. Plaintiffs claim they were "unlawfully arrested" and "beaten" by Defendant Paul Riccardi, an officer employed by the Pineville Police Department, along with other officers. Among other claims, Plaintiffs seek damages for violations of their "Constitutional rights" and violations of "Louisiana law."

Defendants removed, asserting jurisdiction under 28 U.S.C. § 1331. Defendants then filed the instant Motions for More Definite Statement, seeking clarification of Plaintiffs' claims.

II. Law and Analysis

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." It is well settled that, "[g]iven the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored" and should be granted sparingly. Murungi v. Texas Guaranteed, 646 F.Supp.2d 804, 811 (E.D. La. 2009). Rule 8 requires only "a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests." See Verret v. N. Star Marine, LLC, CIV.A. 09-3442, 2009 WL 3614502, at *1 (E.D. La. Oct. 28, 2009).

A Rule 12(e) motion may not be used as a substitute for discovery. See Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006). Nonetheless, a Rule 12(e) motion should be granted "[i]f a complaint is ambiguous or

does not contain sufficient information to allow a responsive pleading to be framed." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).

Under Rule 12(e), a court may require a plaintiff to clarify excessive force (or similar) claims against police officers. In Ekberg v. Pennington, for instance, the plaintiff filed suit against the City of New Orleans, its police superintendent, and three police officers, alleging he was "physically abused and injured by the police officers" during a traffic stop. No. CIV.A.02-845, 2002 WL 1611641, at *1 (E.D. La. July 19, 2002). Plaintiff also alleged the city failed to adequately train its police officers. Id. The defendants removed and filed a motion to dismiss, or alternatively, a motion for a more definite statement. Id.

> The court granted the defendants' Rule 12(e) motion, reasoning as follows:
>
> Plaintiff alleges only that he is entitled to relief under § 1983 because he was physically abused and injured by defendants Vincent George, Chris McGarity and Saunders Craine while they arrested him for a traffic violation. Plaintiff's complaint pleads nothing but conclusions and provides no guidance to defendants as to how to respond. Plaintiff fails, for example, to identify any constitutional right that was violated. He does not state whether he is suing these defendants in their individual or official capacities. He does not identify specific actions taken by any defendant that violate his rights.

Id. at *2. The court then ordered the plaintiff to identify the constitutional rights violated, the capacity in which he sued the police officers, and the ways in which each defendant violated his rights. See id.

Here, Plaintiffs' complaints suffer from nearly identical deficiencies. Plaintiff Rodney Guillotte, Sr. claims he was "unlawfully accosted, beaten, and falsely arrested by Officer Paul Riccardi, of the Pineville Police Department, without a warrant, and,

3

under color of state law, when he was accused of burglary of his own home." (Dockey No. 1:17-cv-00629, Doc. 1-1, p. 1). Plaintiffs also claim to have been beaten by "male police officers." The balance of Plaintiffs' allegations state, in conclusory fashion, that Defendants' negligent and intentional actions violated Plaintiffs' "Constitutional rights" and rights under "Louisiana law," and caused various other harms.

Neither Plaintiff identifies which Constitutional rights or Louisiana laws were violated, or whether the individual Defendants are sued in the individual or official capacities.[1] Indeed, the Petitions contain only one specific reference to Defendant Paul Riccardi as one of the officers involved in the arrest, and no specific references to Defendant Donald Weatherford. The Petitions also contain no allegations about Defendant City of Pineville whatsoever.[2]

---

[1] "In § 1983 suits, government officials may be sued in either their individual or official capacities. A claim against a state or municipal official in his official capacity 'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.' Individual or personal capacity suits 'seek to impose personal liability upon a government official for actions he takes under color of state law.'" Adams v. City of Shreveport, CV 15-2637, 2017 WL 3725206, at *4 (W.D. La. Aug. 28, 2017) (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

To state a viable claim against a defendant in his individual capacity, "a § 1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation." Marceaux v. Lafayette City-Par. Consol. Gov't, 921 F.Supp.2d 605, 622 (W.D. La. 2013). Further, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. A supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." Id. (internal citations and quotations omitted).

[2] "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." Trammell v. Fruge, 868 F.3d 332, 344 (5th Cir.2017) (quoting Peterson v. City of Fort Worth, 588 F.3d 838, 847 (5th Cir. 2009). "An official policy usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy." Trammell, 868 F.3d at 344 (internal citations and quotations omitted).

4

Given these omissions, the Court finds that Plaintiffs' Petitions do not contain enough detail to allow Defendants a fair opportunity to respond. Defendants are therefore entitled to relief under Fed. R. Civ. P. 12(e).

III. <u>Conclusion</u>

For the foregoing reasons, IT IS ORDERED that the Motions for a More Definite Statement (Docket No. 1:17-cv-00629, Doc. 7) (Docket No. 1:17-cv-00631, Doc. 7) are hereby GRANTED.

IT IS FURTHER ORDERED that, within 30 DAYS OF THE DATE OF THIS ORDER, Plaintiffs shall amend their Petitions to provide a more definite statement of their claims, including: (1) which of their Constitutional rights, or rights under Louisiana law, were violated; (2) a specific, non-conclusory description of what each Defendant did to violate their rights; and (3) whether Plaintiffs are suing Defendants Paul Riccardi and Donald Weatherford in their individual or official capacities, or both.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 8th day of November, 2017.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE