c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODNEY GUILLOTTE, JR., Plaintiff | CIVIL ACTION NO. 1:17-CV-00631 |
| VERSUS | JUDGE DRELL |
| CITY OF PINEVILLE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Rodney Guillotte, Jr. ("Guillotte").[1] Also before the Court is a Second Motion to Strike and/or Dismiss (Doc. 16), filed by Defendants City of Pineville, Paul Riccardi, and Donald Weatherford (collectively, "Defendants").

The undersigned granted Defendants' Motion for More Definite Statement on November 8, 2017. (Doc. 14). Guillotte was ordered to amend his Complaint within 30 days of the order. (Doc. 14). Guillotte was ordered to provide a more definite statement of his claims, including: "(1) which of [his] Constitutional rights, or rights under Louisiana law, were violated; (2) a specific, non-conclusory description of what each Defendant did to violate [his] rights; and (3) whether [Guillotte is] suing

---

[1] This matter was consolidated with lead case Rodney Guillotte, Sr. v. City of Pineville, *et al.*, Civil Action No. 1:17-cv-00629 (W.D. La.). Pursuant to a Stipulation of Partial Dismissal, all claims and demands of Plaintiff Rodney Guillotte, Sr., against Defendants City of Pineville, Donald Weatherford, and Paul Riccardi, were dismissed with prejudice. (Doc. 15). Rodney Guillotte, Jr.'s right to proceed against Defendants in Civil Action No. 1:17-cv-00631 were reserved. (Doc. 15).

Defendants Paul Riccardi and Donald Weatherford in their individual or official capacities, or both." (Doc. 14). Guillotte has not complied with the Court's order.

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. See Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629-630.

Therefore, IT IS RECOMMENDED that Guillotte's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS FURTHER RECOMMENDED that Defendants' Motion to Strike and/or Dismiss (Doc. 16) be DENIED as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of July, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge